**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Wampole, | No. CV-24-00919-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Jesse Wampole ("Plaintiff") filed a Motion for the Payment of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 19), seeking an award of $9,258.50. Plaintiff's Motion was backed by the Declaration of Rory Linerud, Plaintiff's counsel. (*See* Doc. 20). The Social Security Administration ("SSA") Commissioner (the "Commissioner") filed a Response (Doc. 21) neither supporting nor opposing the award sought.

## I.      Background

Nikki Wampole originally filed Applications for Social Security Disability Insurance benefits and Supplemental Security Income. (Doc. 1 at 2). On July 13, 2023, The ALJ determined that Nikki Wampole was not disabled under the SSA. Ms. Wampole passed away on January 4, 2024, and, as her next of kin, Plaintiff proceeded on Ms. Wampole's behalf. The ALJ's decision became the final agency decision after the Appeals Council denied review on March 27, 2024. (*Id.*). Plaintiff then sought judicial review of the ALJ's decision. (*See id.*). On August 8, 2024, the parties filed a Stipulated Motion to Remand, requesting that the Court reverse and remand the ALJ's decision for further

proceedings. (*See* Doc. 13). The Court granted the parties' Stipulated Motion on August 14, 2024. In accordance with the parties' stipulation, the Court also issued Plaintiff an award of $8,150.00 in attorney fees and costs under the Equal Access to Justice Act ("EAJA"). (Doc. 18).

On remand, Plaintiff received a favorable decision, and, of the awarded amount, $9,258.50 was set aside to pay Plaintiff's representative. (Doc. 20-1 at 1). The SSA stated, in their decision, that $9,258.50 represented 25% of Plaintiff's past due benefits. (*Id.*) Therefore, it can be inferred that Plaintiff's total award was approximately $37,034.00. Pursuant to the fee agreement, Plaintiff's counsel now seeks $9,258.50 in attorney fees.

## II.     Legal Standard

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Fees are payable out of, and not in addition to, the amount of the past-due benefits. *Id.* Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement. *Gisbrecht*, 535 U.S. at 807–08.

## III.     Discussion

Plaintiff's counsel is seeking $9,258.50 in § 496(b) fees. (Doc. 20 at 1). Upon review of Plaintiff's Memorandum, the time expended and the amounts charged by Plaintiff's counsel are reasonable in this case. First, the fees sought adhere to § 406(b)'s guidelines. Plaintiff was awarded around $37,034.00 in past-due benefits, and the requested $9,258.50 in attorney fees equals 25% of the award. Second, this amount is

---

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

consistent with the fee agreement which clearly states that Plaintiff's attorney would be entitled to 25% of past-due benefits.  (Doc. 20-2 at 1).  Lastly, the requested fee is reasonable given the contingent-fee agreement because it reflects the nature of the recovery.  (Doc. 20 at 2).  In sum, the Court finds that the amount requested is reasonable under *Gisbrecht* and will award Plaintiff $9,258.50 in § 406(b) fees.

However, Plaintiff requests that, instead of refunding the previous award of $8,150.00 under the EAJA, the EAJA be subtracted from $9,258.50 requested here.  (*Id.* at 2).  As a result, net payable amount would be $1,108.50.  The SSA takes no position on this request. (Doc. 21 at 3).  Therefore, the Court will grant Plaintiff's request and award Plaintiff's counsel $1,108.50, which represents the net sum of the $9,258.50 fee award under § 406(b) minus the $8,150.00 in fees received under the EAJA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 19) is granted under 42 U.S.C. § 406(b).  Plaintiff's counsel Robin Larkin is awarded $1,108.50 in attorney fees, representing the net amount of the total $9,258.50 in §406(b) fees minus the $8,150.00 in EAJA fees, to be paid out of the sum from Plaintiff's past-due benefits.

Dated this 9th day of April, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge